UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

JAMES J. HUNT and KELLY L. HUNT,

       Debtors.

_____/

HOME ACRES BUILDING SUPPLY CO.,

       Plaintiff,

v.

JAMES J. HUNT and KELLY L. HUNT,

       Defendants.

_____/

Case No. DG 05-18087
Hon. Scott W. Dales
Chapter 7


Adversary Proceeding
No.  06-80095

## MEMORANDUM OF DECISION AND ORDER REGARDING JOINT MOTION INVITING REMAND

PRESENT:   HONORABLE SCOTT W. DALES
                United States Bankruptcy Judge

The parties to this adversary proceeding have evidently reached a tentative settlement of the case, albeit a settlement conditioned upon my willingness to vacate my predecessor's judgments which are presently under review in the United States Court of Appeals for the Sixth Circuit.  As a necessary step in the settlement process, the parties have asked me to ask the Court of Appeals to remand the matter so that I may entertain a motion, presumably under Fed. R. Civ. P. 60(b), to vacate Judge

Stevenson's orders granting the Defendant-Debtors' summary judgment motion.[1]  <u>See</u>

<u>Joint Motion of Plaintiff and Defendant for an Order Inviting Remand from the 6th Circuit</u>

<u>Court of Appeals</u> (Docket No. 52); <u>First National Bank of Salem v. Hirsch</u>, 535 F.2d 343

(6th Cir. 1976) (suggesting procedure for obtaining Rule 60 relief while appeal is

pending).[2]

At the outset, I will construe the Joint Motion as a motion under Fed. R. Civ. P.

60(b), because the parties invoke the <u>Hirsch</u> procedure, and that procedure directs

parties first to file such a motion with the trial court.  As the Sixth Circuit explained:

> [T]he party seeking to file a Rule 60(b) motion . . . should have
> filed that motion in the district court. If the district judge is
> disposed to grant the motion, he may enter an order so indicating
> and the party may then file a motion to remand in this court.

<u>Hirsch</u>, 535 F.2d at 346. Although the Joint Motion could be read as contemplating a

subsequent motion to vacate, I will nevertheless construe it as a Rule 60(b) motion in its

own right, since this is the procedure the Sixth Circuit prescribed in <u>Hirsch</u>.  Fairly read,

the Joint Motion sets forth reasons in support of the proposed vacatur, so in obedience

to <u>Hirsh</u>, I will forecast my ruling on that motion, though I may lack the jurisdiction to

actually rule on a Rule 60(b) motion, given the pendency of the appeal.

---

[1] For convenience, I will refer to the present motion as the "Joint Motion" and I will refer to Judge Stevenson's orders dated June 27, 2006 and December 5, 2006 as the "Orders."  <u>See</u> <u>Home Acres Building Supply Co. v. Hunt (In re Hunt)</u>, 352 B.R. 826 (Bankr. W.D. Mich. 2006).
[2] I previously set this matter for oral argument, but as I prepared for the hearing I came to the conclusion that oral argument would not assist me in reaching my decision, and would add needless expense to the parties who have already borne the expense of proceedings at the trial level, and two appellate courts. Accordingly, the hearing scheduled for January 7, 2009 is cancelled.

In addition to my jurisdictional misgivings, the proposed remand is complicated by the fact that Judge Stevenson's orders have been affirmed once already by the United States District Court for the Western District of Michigan.   Thus, my decision in response to the Joint Motion is even more premature than the decision contemplated in Hirsch, since it would be utterly ineffective without the concurrence of not only the Sixth Circuit Court of Appeals, but also United States District Judge Robert J. Jonker, who affirmed the Orders.  I will assume for purposes of today's decision, however, that the parties have taken steps, or would take steps, to consult with Judge Jonker,  given that he also rendered a decision in this matter.

After reviewing the Joint Motion, and considering the competing concerns that prompted the Supreme Court in U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18 (1994),[3] to opine that vacatur of a federal court's opinion ordinarily requires exceptional circumstances, I conclude that I am not disposed to vacate Judge Stevenson's Orders should the appellate courts remand the case to me for purposes of advancing the proposed settlement.

First, the Joint Motion does not suggest exceptional circumstances. The mere fact that vacatur would advance settlement does not qualify as exceptional.  See Bonner Mall, 513 U.S. at 29 ("exceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur . . ."); ATSI Communications, Inc. v. Shaar Fund, 547 F.3d 109, 113 (2d Cir. 2008).   As the Second Circuit observed in its recent opinion, "[d]enial of vacatur here, despite the possibility that the parties'

---

[3] The reasoning in U.S. Bancorp applies to a Rule 60 motion by analogy. See Autism Society of West Michigan v. Fuller, 2007 WL 2484983 (W.D. Mich.  Aug. 29, 2007) (Quist, J.).

settlement efforts may fail as a result, nonetheless advances "the public interest" in preserving judicial precedent . . . and the proper course of appellate procedure." Id. (citing Bonner Mall, 513 U.S. at 26-27). I am mindful that court orders are the public fruits of judicial effort, not settlement currency or "bargaining chips." Bonner Mall, 513 U.S. at 26-27 (citing Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp., 510 U.S. 27, 40 (1993) (Stevens, J., dissenting)); In re Memorial Hospital of Iowa County, Inc., 862 F.2d 1299, 1302 (7th Cir.1988) ("[T]he judicial system ought not allow the social value of [a] precedent, created at cost to the public and other litigants, to be a bargaining chip in the process of settlement. The precedent, a public act of a public official, is not the parties' property."); ATSI Communications, 547 F.3d at 113.

I am not willing to advance settlement – an admittedly desirable goal -- at the expense of other important values, long after an unsuccessful litigant has taken two appeals. Doing so would discourage settlements early in a case, at a time when settlement can still achieve its primary goals – avoiding expense and delay. This is particularly important in bankruptcy where, almost without exception, resources are scarce and transaction costs frequently affect outcomes. I do not mean to imply that promoting settlement in the appellate courts is not a worthy end, since settlement would certainly save appellate resources in this matter; rather, I predict that precluding parties from bargaining away bankruptcy court precedents will, in the long run, reduce appeals by promoting early, pretrial settlements. It stands to reason that if a doubtful litigant could purchase a vacatur in a post-trial settlement agreement, it might be more willing to roll the dice at the trial court level, and take an appeal (or two, as in this case), comforted by the chance that it might later purchase the right to erase the trial court's

opinion.  Bonner Mall, 513 U.S. at 27-28.  This is not only expensive, but also unseemly. Vacating the Orders as a condition of settlement undercuts bankruptcy court authority generally, and, more particularly, robs the public of Judge Stevenson's opinion – an opinion that I find highly persuasive.

That Judge Stevenson construed state law in rendering the Orders does not trouble me.  Indeed, a cursory review of the annotated state commercial statutes amply demonstrates the contribution that bankruptcy courts have made to the development of commercial law across the country.  Federal courts must render decisions according to rules of decision, even if state law supplies the rule.  Just as state courts are bound to follow federal law, so, too, are federal courts bound to follow state law, unless displaced by federal law.  Compare U.S. Const., Art. VI ("the judges in every state shall be bound" by federal law) with 28 U.S.C. § 1652 ("The laws of the several states . . . shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply").  I acknowledge that the Michigan Supreme Court has the last word on questions of Michigan law, but the fact that Judge Stevenson premised her Orders in this case on her view of state law is hardly an exceptional circumstance warranting vacatur, as contemplated in Bonner Mall.

I also reject the parties' suggestion that no one has relied on Judge Stevenson's Orders.  I have relied on Judge Stevenson's Orders when researching issues in other cases involving the Michigan Building Contract Fund Act, MCL § 570.151 *et seq.* Judge Jonker certainly has considered them in exercising his appellate jurisdiction.  And, of course, there is no way of knowing who else may have relied on the Orders, one of

which is available through West Publishing[4] and the American Law Reports.[5]  Moreover, it appears to me that the defendant in <u>Home Acres Building Supply Co. v. Hoppough</u>, Adv. No. 06-80706, has probably relied on them, or intends to do so unless reversed by the Sixth Circuit.

Finally, I suspect that the plaintiff in this adversary proceeding hopes to secure an advantage over the defendant in the <u>Hoppough</u> proceeding by persuading me to vacate the Orders. This strikes me as potentially inequitable, because vacating the Orders will likely affect the <u>Hoppough</u> adversary proceeding, yet the defendant in that proceeding is not a party to this one.  Because vacatur is an equitable remedy, my suspicion, if proven true, would be one more reason for my ruling against the relief requested in the Joint Motion.  I make no findings in this regard, however.

Knowing full well that my decision today may doom the settlement that is in prospect, I am not inclined to vacate the Orders.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Joint Motion is DENIED to the extent the parties seek an order inviting remand. Should the case be remanded to this court by the United States Court of Appeals for the Sixth Circuit, or the United States District Court for the Western District of Michigan, this court is not disposed to vacate the Orders under Rule 60(b).

---

[4] <u>See</u> <u>In re Hunt</u>, 352 B.R. 826 (Bankr. W.D. Mich. 2006).

[5] <u>See</u> Who Is Acting in "Fiduciary Capacity" Within Meaning of Fraud or Defalcation Discharge Exception in Bankruptcy (11 U.S.C.A. § 523(a)(4))--Fiduciary Capacity of Debtors Involved in Sale, Purchase, or Lease of Goods or Services Other than Legal, Financial, Investment, or Banking Products or Services, 15 A.L.R. Fed. 2d 337 (2007).

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order Regarding Joint Motion Inviting Remand pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Home Acres Building Supply Co., James W. Alexander, Esq., James J. Hunt and Kelly L. Hunt, and James R. Oppenhuizen, Esq.

END OF ORDER

**IT IS SO ORDERED.**      Scott W. Dales
United States Bankruptcy Judge        **Dated: December 29, 2008**